**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DERRICK ANDERSON, *on behalf of himself and* :    Case No.: 1:24-cv-3561-ARR-JAM
*all others similarly situated*,             :
                                              :
                 Plaintiffs,      :
                                              :
      v.                       :    <u>NOTICE OF MOTION FOR</u>
                                              :    <u>DEFAULT JUDGMENT</u>
LUCKY WANG 2, INC.,           :
                                            :
              Defendant.     :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLEASE TAKE NOTICE** that the undersigned attorneys for Plaintiff, DERRICK ANDERSON hereby move, at a date and time to be set by the Court, before the Honorable Joseph A. Marutollo, at the Courtroom N324 of the Courthouse for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201, for an Order granting a default judgment against the Defendant LUCKY WANG 2, INC.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff shall rely upon the accompanying Memorandum in Support of the Motion, Affirmation, and the accompanying Exhibits.

Dated: August 22, 2024

Hicksville, New York

                                     **MARS KHAIMOV LAW, PLLC.**

                                     By: <u>*/s/ Mars Khaimov*</u>
                                     Mars Khaimov, Esq.
                                     marskhaimovlaw@gmail.com
                                     100 Duffy Ave., Suite 510
                                     Hicksville, NY 11801
                                     Tel: (929) 324-0717
                                     *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

DERRICK ANDERSON, *on behalf of himself and*          Case No.: 1:24-cv-3561-ARR-JAM
*all others similarly situated*,

                                                                    **MEMORANDUM OF LAW IN**
                                                              **SUPPORT OF DEFAULT JUDGMENT**

                                Plaintiff,

-against-


LUCKY WANG 2, INC.,

_____


      1.      This Memorandum of Law in support of Plaintiff's application for entry of default judgment against Defendant, LUCKY WANG 2, INC. ("Defendant") is being submitted pursuant to Rule 55(b)(2) of the Civil Rules for the Eastern District of New York.

## ARGUMENT

      2.      Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a plaintiff to obtain a default judgment. See *Shariff v. Beach 90th Street Realty Corp.,* 2013 U.S. Dist. LEXIS 179255, 2013 WL 6835157, at (E.D.N.Y. Dec. 20, 2013). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, once a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment against that particular defendant. Fed. R. Civ. P. 55(b)(2). On a motion for default judgment, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See *Greyhound Exhibitgroup, Inc*. v. *E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992); *Allstate Ins. Co. v. Mirvis*, 2015 U.S. Dist. LEXIS 44669, 2015 WL 1539671 (E.D.N.Y. Mar. 31, 2015). In accordance with Rules 55 (b)(2), Plaintiff is entitled to final judgment after default against Defendants.

      3.      This is an action for declaratory and injunctive relief, as well as damages, pursuant to: 1) Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et Seq.,

("ADA"); 2) New York State Human Rights Law pursuant to N.Y. Exec. Law Article 15 ("NYSHRL"); 3) New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R §40 *et seq.)* (the "NYCRL"); and 4) New York Human Rights Law, N.Y.C. Administrative Code §8-102, et seq.

4.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court also has supplemental jurisdiction over pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 et seq.) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 et seq. ("City Law").

5.    Venue is proper in this District of New York pursuant to 28 U.S.C. §§ 1391(b)(c) and 144(a) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject website within this Judicial District.

6.    Defendant is registered to do business in New York State and has been conducting business in New York State, including in this District. Defendant purposefully targets and otherwise solicits business from New York State residents through its website. Because of this targeting, it is not unusual for LUCKY WANG 2, INC. to conduct business with New York State residents. Defendant also has been and is committing the acts alleged herein in this District and has been and is violating the rights of consumers in this District and has been and is causing injury to consumers in this District. A substantial part of the act and omissions giving rise to Plaintiff's claims have occurred in this District. Most courts support the placement of venue in the district in which Plaintiff tried and failed to access the website. In Access Now, Inc. v. Otter Products, LLC 280 F.Supp.3d 287 (D. Mass. 2017), Judge Patti B. Saris ruled that "although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim. Therefore, venue is proper in [the District of Massachusetts]." Otter Prods., 280 F.Supp.3d at 294. This satisfies Due Process because the harm – the barred access to the website – occurred here." Otter Prods., 280 F.Supp.3d at 293. Additionally, in Access Now, Inc. v. Sportswear, Inc., No. 17-cv-11211-NMG, 2018 Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018), Judge Nathaniel M. Gorton stated that the defendant

"availed itself of the forum state's economic activities by targeting the residents of the Commonwealth . . . Such targeting evinces a voluntary attempt to appeal to the customer base in the forum." Sportswear, No. 1:17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 at *11. Thus, establishing a customer base in a particular district is sufficient cause for venue placement.

7.      This Court has personal jurisdiction over Defendant and Defendant is a corporation and not an infant or incompetent.

8.      Defendant is not in the military service of the United States.

9.      This action was commenced against Defendant on May 16, 2024 with the filing of a Summons and Complaint (**Exhibit A**).

10.     The Summons and Complaint were served on Defendant on June 6, 2024, by service upon Kit Lee, pursuant to the Proof of Service (**Exhibit B**).

11.     Defendant's time to answer or otherwise respond to the complaint expired after June 27, 2024.

12.     Defendant has not answered or otherwise moved with respect to the complaint, and the time for Defendant to answer or otherwise move has not been extended.

13.     A Clerk's Certificate of Default was entered on August 21, 2024 (**Exhibit C**).

### **INJUNCTIVE RELIEF**

14.     Defendant is indebted to Plaintiff in that:

   a.  Defendant has violated the ADA, NYSHRL, NYCRL, and Administrative Code § 8-102 by maintaining its website(s), www.luckywang.com and (the "Website"), in such a way that it contains numerous access barriers preventing Plaintiff, and other blind and visually impaired individuals, from gaining equal access to the Website, and by refusing to update or remove access barriers to its Website, thus causing it to be completely inaccessible to the blind and visually impaired. This inaccessibility denies denied blind and visually impaired patrons full and equal access to the services that Defendant makes available to the non-disabled public through the Website.

   b.  Defendant generates revenue from the sale of its products and services, privileges, advantages, and accommodations through its Website. The Website is a service, privilege, advantage, and "public accommodation" provided by Defendant that is

inaccessible to patrons who are blind or visually impaired.

c. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of disability in that Defendant has constructed and maintained a Website that is inaccessible to Plaintiff; denied visually impaired customers, like Plaintiff, the services, privileges, advantages, and accommodations provided by the Website; knowingly maintains the Website in inaccessible form; and has refused to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause. These violations are ongoing.

15.    This action seeks declaratory and injunctive relief as follows:

a. That Defendant violated Plaintiff's rights under the ADA, NYSHRL, NYCRL, and Administrative Code § 8-102;

b. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. For a declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

d. For such other and further relief as the Court deems just and proper.

16.    Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, and accommodations offered by Defendant as a direct result of Defendant's violations of the ADA, NYSHRL, NYCRL, and Administrative Code § 8-102.

17.    Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendant's failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

18.    Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

## DAMAGES

19.     Plaintiff is entitled to compensatory damages, including statutory damages, and all other relief allowed by law.

20.     This Court has competent jurisdiction and the authority to order the Defendant to pay Plaintiff the $1,500 in compensatory damages contemplated by NYSHRL and the NYCHRL for the disability discrimination Plaintiff has suffered, and respectfully recommends that the District Court order that relief.

21.     Additionally, Plaintiff is entitled to pre and post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and such other and further relief as this Court may deem just, proper and equitable.

22.     Therefore, a proposed default judgment/order is attached as (**Exhibit D**) and will also be filed separately.

## NO NEED FOR AN INQUEST

23.     Although a plaintiff seeking to recover damages against a defaulting defendant must  prove its claim through the submission of admissible evidence, see Smith ex rel. Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003), a hearing is unnecessary so long as (1) the Court has determined the proper rule for calculating damages, see Credit  Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), and (2) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment, see Transatlantic  Case  1:13-cv-02287-RMB-FM Document  59  Filed  12/28/15 Page 5 of 10 Marine Claims Agency Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Here, because the requirements have been met, there is no need for a hearing.

**WHEREFORE**, Plaintiff respectfully requests entry of a default and the attached proposed default judgment against Defendant and for such other and further relief as this Honorable Court may deem just and proper.


Dated:     August 22, 2024

By: */s/ Mars Khaimov*
Mars Khaimov, Esq.
Attorney for Plaintiff
100 Duffy Ave., Suite 510
Hicksville, New York 11801
Mars@khaimovlaw.com
Tel: (929) 324-0717

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DERRICK ANDERSON, *on behalf of himself and*   :
*all others similarly situated*,                 :
                                       :

                Plaintiffs,       :   Case No.: 1:24-cv-3561-ARR-JAM
                                       :

     v.                               :
                                       :   <u>AFFIRMATION OF MARS</u>

LUCKY WANG 2, INC.,               :   <u>KHAIMOV</u>
                                       :

               Defendant.      :
                                       :
                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Mars Khaimov, Esq., affirms under the penalties of perjury, 28 U.S.C. sec. 1746:

1.  That I am admitted to practice law within the State of New York, and the United States District Court, Eastern District of New York, and currently represent the Plaintiff, DERRICK ANDERSON, with respect to a Complaint filed on May 16, 2024 against Defendant, alleging violations of the Americans with Disabilities Act ("ADA"), and contemporaneous State and City violations, pursuant to 42 U.S.C. § 12181 et seq. (Summons and Complaint attached hereto as "Ex. A")

2.  That I make this affirmation pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Eastern District of New York, in support of plaintiff's Order to Show Cause for the entry of a default judgment against defendant.

3.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. 12181, et seq., and § 1332.

4.  That service upon the Defendant was made on June 6, 2024, pursuant to Business Corporation Law - BSC § 306. (Affidavit of Service attached hereto as "Ex. B")

5. That Defendant failed to reply to said Complaint and on August 20, 2024, I moved for a Certificate of Default, which was issued by the Clerk of the Eastern District of New York, on August 21, 2024. (Certificate of Default attached hereto as "Ex. C")

6. That upon information and belief, during the interim from the filing of the Complaint until the present time, Defendant has not responded or made contact with Plaintiff.

7. That upon information and belief, no extensions were granted to Defendant to delay Defendant's response deadline or dispositive motions.

8. That a Judgment of Default is only applicable against the sole defendant in this action, LUCKY WANG 2, INC.

9. Accordingly, and pursuant to the Service Members Civil Relief Act, Title 50, United States Code, Section 521, your affiant has no reason to believe that the putative Defendant is a minor or currently enlisted, warranted, or commissioned in military service and unable to respond to these proceedings.

## Causes of Action/Relief Requested

10. That the Complaint alleged violations of Title III of the Americans with Disabilities Act ("A.D.A."), pursuant to 42 U.S.C. § 12182 et seq., New York Executive Law § 296 et seq., and New York City Civil Rights Law § 40 et seq., premised upon Defendant's failure to conform their website to be equally accessible to blind and visually impaired individuals.

11. That Plaintiff's Prayer for Relief sought preliminary and permanent injunctions, pursuant to 42 U.S.C. § 12188(a)(2); A Declaration of Defendant's non-compliance; an Order certifying the Class and sub-classes, pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3); Compensatory Damages and Civil Penalties, pursuant to New York City Civil Rights Law § 40-d; and Administrative Code 8-126(a), and 8-502.

12. Plaintiff seeks compensatory damages pursuant to the New York State Human Rights

("NYSHRL") Law and New York City Human Rights Law ("NYCHRL"), in the amount of $1,500. *See* Case 1:23-cv-00103-HG-RML *Cruz v. Wide Open Arts, LLC*, Case 1:23-cv-07067-MMG *Toro v. Z-CoiL, Inc.*, Case 1:23-cv-08025-ER *Zelvin v. Steven Alan Holdings, LLC*.

13. Plaintiff seeks an award for reasonable attorney fees and costs, pursuant to 42 U.S.C. § 12205, as the prevailing party in this action, *Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), in an amount to be determined by this Court.

14. That based upon the Defendant's inaction with respect to the instant Complaint, it is asserted that judicial intervention is necessary to resolve the matter.

**WHEREFORE**, Plaintiff respectfully requests that an Order be entered as to the concurrently filed Proposed Default Judgment, and for such other and further relief as this Honorable Court may deem just and proper.

Dated:    August 22, 2024

By: */s/ Mars Khaimov*
Mars Khaimov, Esq.
Attorney for Plaintiff
100 Duffy Ave., Suite 510
Hicksville, NY 11801
Mars@khaimovlaw.com
Tel: (929) 324-0717

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DERRICK ANDERSON, *on behalf of himself and* :  Case No.: 1:24-cv-3561-ARR-JAM
*all others similarly situated*,                              :
                                                                            :
                               Plaintiffs,                      :
                                                                            :
               v.                                                  :  PROPOSED DEFAULT JUDGMENT
                                                                            :
LUCKY WANG 2, INC.,                                    :
                                                                            :
                               Defendant.                      :
                                                                            :
                                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

This action having been commenced on May 16, 2024, by the filing of the Summons and
Complaint, and a copy of the Summons and Complaint having been personally served on
Defendant, on June 6, 2024, and a proof of service having been filed on June 10, 2024, and the
Defendant not having answered the Complaint, and the time for answering the Complaint having
expired, it is:

                           **ORDERED, ADJUDGED AND DECREED:**

               a.      A preliminary and permanent injunction to prohibit Defendant from

               violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,*

               N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*,

               and the laws of New York, is hereby granted as follows:

               A preliminary and permanent injunction requiring Defendant to take all the

               steps necessary to make its Website into full compliance with the

requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

b.     A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq*., N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York;

c.     Compensatory damages in the amount of $1,500 including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of their civil rights under New York State Human Rights Law and City Law;

d.     Pre and post-judgment interest;

e.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

f.     A hearing to be held in the courthouse to determine the specific amount of damages, civil penalties, and reasonable attorney fees; and

g.     Such other and further relief as this Court may deem just, proper and equitable.


Dated:  Brooklyn, New York


_____
Hon. Joseph A. Marutollo
United States Magistrate District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DERRICK ANDERSON, *on behalf of himself and*
*all others similarly situated*,

                       Plaintiffs,                      Case No. 1:24-cv-3561-ARR-JAM
                           v.

LUCKY WANG 2, INC.,

                                      AFFIDAVIT OF SERVICE
                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  Mars Khaimov being duly sworn, says: that I am over the of eighteen years and am not a party herein, that I reside in Nassau County and that on the 22nd day of August, 2024 I served a copy of the following documents of this action:

## MOTION FOR DEFAULT JUDGMENT and SUPPORTING PAPERS

upon the parties hereinafter named at the places hereinafter stated and set opposite their name by regular mail, and depositing same to be properly enclosed in a postpaid, properly addressed wrapper, and deposited in an official depository under the exclusive care and custody of the United States Postal Service, directed to be said parties at their last known physical addresses given below.

                                    Mars Khaimov, Esq.

TO:
LUCKY WANG 2, INC.
82 7th Avenue
New York, NY, 10011

AND VIA EMAIL TO:
hello@luckywang.com